thank you your honor and may it please the court and good morning to miss Sussman thank you for inviting us to argue this case this morning I'd like to reserve a minute for my rebuttal at the beginning your honors after over five hours of considering their jury instructions the jury sent this note back to the court saying help us help us understand the continuum for reasonable doubt possible doubt counsel can I just since we don't have a whole lot of time here help me with this as I understand it trial counsel for your client specifically asked the court not to respond to the note and while there was deliberation among counsel and the court and without further prompting to the court the jury came in without further instruction notwithstanding the fact that there was this inquiry there was there was simply no response and then it had there been a response it would have been the very one that occurred which was there was no communication as as I understand it as requested by counsel for the defendant how in was your client harmed in this way I was trial counsel and I I take great exception to the government's characterization of what happened it's covered within her pages what's your view of it what what what do you what do you tell us what you think happened to be there for the jury's note was read to the parties and for pages between record 11 through 216 the parties are on the record discussing how the question could be responded to we affirmatively asserted mr. Adams right to be tried beyond a reasonable doubt we asked the court to respond explicitly we didn't what was to respond how to say what we refer the jury back to the court's instructions that's my question about harm because what ultimately I did understand the record slightly differently than judge Smith but I understood the position at trial to have been repeat the same instruction that was given before in fact in view of the fact that the same instruction was given the first time I have difficulty seeing how saying the exact same words a second time or not can rise to the level of harm that would be an abuse of discretion or prejudice or whatever standard we want to describe thank you it was crucial in this case in help us understand the continuum for reasonable doubt and possible doubt one beyond a reasonable doubt is that core constitutional standard that the court right but I think when jurors ask a question they know what beyond means they don't know what reasonable doubt means so I guess I'm looking at er 213 where you say look we ask it to be reread identically and and I guess that's my difficulty not that not that you did I guess I just have difficulty seeing why an exact repetition of the same thing the jury has exactly been told is required the court had wide latitude and how it wished to respond to this jury's question the court wasn't required to read the jury instruction back in fact the court never told us how it would would answer the question when the jury came back in so I didn't you object is it true that when the jury came in they said well we have a verdict I don't know whether they did it by in writing that is to say by note to the judge saying we have arrived at a verdict or whether it was simply an oral communication at that point you knew that the question had not been answered the way you thought it should be answered which is go back and you have this instruction so then the question is all right did you did you say to the judge well your honor I think that you ought not to take the verdict and you should remind the jurors in response to the question that they have to consider all the instructions did you say that to the judge no your honor we had made our requests for a response to the jury a matter of record yes but you did so you did if let me just make sure I understand the timeline because I think timing is everything you did so when the came in which said we have this confusion what does it what does all of this mean okay and so you had this discussion you stated what your position was fine okay then the next event that happened in this continuum was that you were advised that a verdict had been reached now my question is given the fact that you knew at that point that the jury hadn't been admonished as to how to a second time as to what's meant beyond a reasonable doubt and so forth did you did you raise an objection no your honor and we so that how does the trial judge I am a trial judge how does the trial judge know that this isn't perfectly satisfactory to you at this point how does he know because he hasn't said anything to the jury right he hasn't this he hasn't he hasn't given an improper instruction arguably he gave you he gave the circuit instruction the model circuit instruction all he knows is up to then he had done what he thought the law required and there wasn't an objection at that point advising him that you shouldn't take the verdict until you straighten out this confusion in the jurors mind assuming there was some confusion I and that's another argument how would he know that if you don't object we've stated that we've made our request for a response a matter of record and this court has invariably has invariably okay I understand that I understand that position let me ask you a different question in the normal if that could be the right word model jury instructions that we give there is a jury instruction which is model 7.6 of the Ninth Circuit and that instruction says that if you send out a question I will consult with the lawyers before answering it which may take some time you may continue your deliberations while waiting for an answer to any question I don't think that was given in this case but it is a law isn't it of the Ninth Circuit that that a jurors can even though they sent out a question that they then can come in with a verdict even if that question isn't responded to isn't that the law it may be that this jury didn't know that and and I think but they did it they may not have known it they may not have known it that is they weren't told this model instruction I understand that but they did it even even uninstructed your honor if this was a situation where the jury sent back a note to the judge saying we're deadlocked and then the next thing that happens is before the judge can read the Allen charge the jury says never mind we've reached a verdict yeah I think there we wouldn't necessarily have error even though this court you think what sorry you would think what I don't think there would be error in that situation but this goes to morning is that their continuum is between reasonable doubt and possible doubt and that continuum every place on the instruction but the instruction itself it goes to that issue doesn't it as a matter of fact that's exactly what your position was your position is hey just reread the instruction with the word beyond in it which is not contained well not not reread not really well but but the but the the communication is not an instruction it's the instruction which is an instruction this jury needed to be reminded that the standard was beyond a reasonable doubt I think that's just critical in this case they had picked a foreman the night before that's on page 187 of the record and so for hours this jury was struggling the judge said himself this jury wanted more information more facts they said help us they never received help we didn't waive our our opportunity to respond to this we talked about it at great length and the judge treated we have a verdict as a final bell but this court has never said and it would be a bad rule to say well judges don't have to respond to critical legal questions oh I don't know you know you know I'm not sure it's a bad rule but I mean we can argue that but if your answer if your if your position is whenever a question is propounded then evidencing some uncertainty or some question as to the law it is improper for the court to take a verdict without having responded to the question if that's your position is it and this court has never found any differently but this will be that you'll say this is the case this would be the first time the court said silence was acceptable when a jury is confused about reasonable doubt oh well even though you would have just repeated the same instruction that was given in the first place that included the word beyond which what about an element what I mean I understand beyond a reasonable doubt it's really important but what about an element what if they're confused about an element what if they're confused about credibility of a witness what if they're confused about direct and circumstantial evidence which in my mind are so I I just wonder is where does your rule is there something beyond a reasonable doubt now that's that's something we better straighten out but elements of the offense yeah I'm not so sure that's so important I mean where do we draw this line it's not my rule no I understand this this circuit has been very clear that when a critical legal issue is raised the jury's owed a response the judge should clear away with concrete accuracy jury confusion that's evidenced by this note in two different handwritings after hours of deliberation that's what we know I I every note I have received from a juror in 13 years has indicated some state of confusion but it's more often than not that you get a verdict which in some manner has resolved the confusion you want the jurors to resolve the confusion if you've given them the tools don't you and it's your argument in response to what judge Smith asked it and judge Graber they suggest that the very response you wanted to be given had actually been given at the outset of the jury deliberations I believe the case law it would be clear that even if the jury instruction or reason about was was was perfectly done by the court at the used and they say help us their own response and correct instructions at the beginning don't solve it at the end and both is this courts due process authority but also is it supervisory authority about how district court judges should resolve these things I think that saying that silence is acceptable is is dangerous to say well if we wait a while maybe they'll come back with a verdict it's it's a very slippery slope with respect I I am really confused by how you feel there's a harm here because it had there been a jury instruction to which you objected in the first place I I would understand your point but I'm looking at what the judge said to the jury and I don't know what the ER record is but it's page 351 and on I guess this is never mind it's page 867 the idea it's the judge said the burden is always upon the prosecution to prove guilt beyond a reasonable doubt this burden never shifts to a defendant for the law never imposes upon a defendant criminal case the burden or duty of calling any witness or producing any evidence now the beyond a reasonable doubt is the very point you're making to say it again doesn't really change the fact that you're not claiming that the original instruction was wrong it was a model instruction so under the circumstances as I understand your your colloquy with Judge Breyer you're in effect asking on an effect you are asking us to create a new rule that says that if there is an even if the jury resolves its own question before the court does anything that you must I guess that you're making a constitutional arguments I've got a due process argument that the judge must respond even though that may muddy the waters further and even in the absence even in the absence of counsel cautioning the judge not to take the verdict before having responded so even in that case which I think is probably the extreme but I think is the case here even in that case it's important this is not a new rule I'm asking for your honors this Bolenbach is very clear it's the United States Supreme Court case that I cite to in which Judge Frankfurter talks about the the frayed nerves of jurors after hours of deliberation that duty of the court to answer their legal questions that this is not a new rule we're asking for the and the presence of this court McDowell Southwell they're in our briefs they all say that judges have to respond when there is a question as to law special this is maybe what Judge Smith was focusing on earlier because I understand that your final position before the but earlier in the colloquy the judge had talked about well I don't know if I should define conjecture for them and I've looked it up and my inclination is to just tell them that I can't help them that it's up to them they should just keep deliberating and that I can't give them any further instructions if I do that do you object no your honor we don't object so the judge had I guess was left with the impression that if he told them nothing that would be okay and in fact he told them nothing he just didn't tell them that he was telling them nothing so I guess I'm not sure ultimately what the difference is between saying to the jury I'm not going to tell you anything keep anything and they keep deliberating which was where the judge was going with this so he said what he was gonna say he said what I'm saying is I'm inclined to bring them in here tell them what they're really getting at here is the core questions in the case that I must leave to them I can't give them any further instructions if I do that do you object no your honor we don't object he can't tell them anything I believe we asked him very to return return them to their original instruction you did I'm not I'm not asking this really as a matter of waiver on your part but I'm I'm asking I guess in the in the sense that judge Breyer was of how was the trial judge to know and and maybe more sense of prejudice because the judge was going to tell them nothing and in fact the judge did tell them nothing so and and if he had said I'm not telling you anything then we'd be looking at that for an abuse of discretion so I guess I don't see the abuse of discretion between saying nothing and saying that you're saying nothing I think that without having asked the jury if they instructed them to apply the reasonable doubt standard or ask them if they had any lingering question on the reasonable doubt standard before they accepting the verdict that that would have been the better practice and would have solved our problem but you know when you start singling out instructions you really are guiding the jury in a particular direction it happened in your argument is it that's fine from your point of view may have very well guided them to an acquittal but I you know it's you have to be very balanced when judges respond to questions they have to be balanced they can't be argumentative they have to be what the law is and I think what what's troubling us is troubling me is that there is that the judge simply would have said here are I've given you the instructions I have nothing to add please read the instructions I think and that's what that was fine from your point of view that conclusion calls for some speculation about did this jury actually apply beyond a reasonable doubt or do what they said they were doing here you never know how it's your they may have done any number but but and we're not looking at what they may have done the fact is what were they told to do and it is that proper and your argument is yes that was proper and they should have been told to do it again and and that's that's the argument I gather that since I want to prolong this but I gather since you did not object you agree that the standard of review here is plain air no your honor we believe that this matches Sullivan versus Louisiana which justice Scalia wrote for the majority or unanimous court when he talked about when it involves reasonable doubt it goes to the Sixth Amendment right and it's a structural issue that that even if even if there was a waiver this this flaw in not answering a jury question unreasonable doubt is so great so much a waiver we're just talking about the standard that we look at here and anyway since you didn't object even though it's a constitutional point from your perspective it's plain error is it not it's it's structural error if it's not structural it's very serious constitutional error on a harmless error standard and it's also procedural error in this court supervisory function over district courts to have a decision that says district court judges should answer jury questions on critical issues of law we don't agree that it's it was plain air thank you counsel thank you we'll hear from the government may it please the court counsel Kelly Zeus been appearing on behalf of the United States the whole issue about the answer to the jury question I think first off the bright line rule that mr. Adams is advocating for here is inconsistent with the abuse of discretion standard that responds to a jury question I think it's also inconsistent with this court's precedent that there is really no one-size-fits-all when it comes to how to properly handle a jury quest now so the thing that is a little peculiar to me and I've not been a drunk trial judge so maybe it isn't peculiar but there's a lengthy passionate conversation going on about how to respond to a somewhat ambiguous and confusing all by itself jury question about its confusion and then the judge says look at that the I've just been told that the verdict is coming in and and there's and the judge doesn't say well how does that fit in with what we've been doing I mean there's sort of no deep breath to say we're in the midst of this very intense discussion about what I should do and now the verdict has come in there's no further conversation from the judge and I understand that yes counsel has a duty to make any objections but it just struck me as odd that it just sort of ended the other conversation instantly and without any apparent thought process there what do you make of that and is that okay don't answer your last question first yes it's okay because again this is judge Lostman's attempt to deal with a somewhat unique situation of working on responding to this jury note which is somewhat cryptic and at the same time that it's just 10 minutes later the jury note comes in at 235 it's announced to the parties they're in this discussion and then at 245 just 10 minutes later he receives word from his bailiff that in fact they have a verdict so it's a break and say you know jury no you have a verdict really I well no not necessarily to tell that to the jury but to like when he says to the counsel who were in front of him oh I just found out that there's a verdict no further conversation with counsel about how to approach that now I wouldn't miss I mean it might have resulted in exactly what happened but I guess it just surprised me to see in the transcript how it unfolded and I guess I can't get into the head of judge Mossman and really answer that question what I would tell you though is that immediately after taking the verdict at defense counsel's request the jury was pulled and every single juror individually was asked well that's standard you have any reason why that I don't know how it worked in in your district were you the trial attorney no I was not okay well do you have any reason why the model criminal jury instruction 7.6 communications with the court wasn't given it's it's not standard practice in the District of Oregon to give that instruction I see okay but it's your view that it's a correct statement of law I presume yes your honor but I think the opportunity to object and to somehow question the court's decision to accept the verdict I mean and I think that's where it makes a good point I mean they're 10 minutes and and that elapsed between the note and between the verdict announcement there was a verdict so what went on in the jury room in those 10 minutes we don't know right I mean the one juror maybe it was 11 to 1 or 10 to 2 or some other number but whatever it was the people probably in the minority unless there was this very odd situation probably in the minority became convinced whatever convinced them whether it was the evidence or their own reading of the law that that the defendant was guilty according to the instructions so you don't want to get into a question where you start to examine what was it that puts them over the edge because we all are talking about whether it was the reasonable doubt instruction could have been any number of things could have been anything that happened in the case and and somebody says oh well I forgot that fact that's what happened that's what the witness testified to well guilty I mean that's that's who knows whether that happened we don't know are you aware of any case law that really tracks the factual pattern of this particular case I'm not your honor is it not correct that the Supreme Court and for that matter our court have repeatedly admonished that trial judges are to be very careful about contact with jurors after they have gone out for their deliberations so as not to coerce them by appearing in the eyes of the jurors to favor one side or the other and I don't want to go beyond the record right no and I'm not asking you to I'm just I'm asking you to put this in context as to why Judge Mosman may have been reluctant and indeed why counsel for the defense may have been reluctant for a new communication because is that not the pattern we want to avoid interfering with that almost well it's just a very special function within our legal system once the jury's in there we don't want to interfere with their deliberations unless there's a really serious reason to do so is that a fair statement I believe it is and I've spent many years working for a district court judge and I can tell you that jury notes were one of the most stressful things that we dealt with it just for the very reasons you've identified what is your response what is your response to counsel's position that a question concerning reasonable doubt goes to the core to the heart of any criminal case and therefore because it is so special and so important you have to respond to that question before taking a verdict you have to however you're going to clear up the confusion whether you're going to simply say it's in the record or I mean say you've already been given the instruction refer to whatever is 3.2 or whatever the number is or refer to a particular instruction or a series of instructions it's so central that if you simply leave the situation as it was demonstrating the ambiguity that existed that that's that that's error what's your response to that my response is that the rule that's proposed simply brushes too broadly at any time the words reasonable doubt appear in a jury note that that then council will say that's fine for this case and by the way that's her whole point she said I'm not asking for elements or this or that or director of circumstantial evidence I'm saying it's reasonable doubt it's so important it's so crucial and therefore you can't leave it unanswered what's your response to that that this court writes writes an opinion which says while the general practice of not responding to of you know questions which were not objected to or whatever that whatever happened in this case well normally it's all right because they can continue their deliberations when there is a question involving reasonable doubt core therefore it must be responding to before the taking of a verdict that's that's the rule that's my response is that that rule is too broad that it tries to create a one-size-fits-all response on the issue of reasonable doubt and and I think that's inappropriate I think it's inappropriate to isolate the issue of reasonable doubt for then saying to district court judges that normally have discretion thou shalt respond to a jury question even if they come in with a verdict and it could you make it sound so onerous but at least the way judge Breyer phrases the question the district court would still have discretion for example in this case the court had a number of options one was to define conjecture one was to refer back to the reasonable doubt instruction one was as the court said I think I'll just tell them that they're wrestling with the key issues in the case and that's their job so it isn't really but any of those would have been an answer and then we would be off to the races on a normal abusive discretion review so I guess I don't there's a limit on discretion but it's pretty tiny we've got a couple of issues here the first is was it an error at all and and our position is it wasn't an error that well I know that but that's exactly what we're talking about was it an error not to respond when there's confusion about reasonable doubt that's exactly the topic that we're on and you know why isn't it an error I think first off I think that your question builds in the assumption that there was confusion about the definition of reasonable doubt the question let's assume that let's assume that we read the note and and we believe looking at the note that there's confusion so let's start you can argue there wasn't confusion fine I understand that argument but what's your answer to the book to the question of if there was confusion that was demonstrated in the note we then have to a court then has to respond before the taking of a verdict and failure to do so constitutes reverse police if the note demonstrated that the jury was confused or as many of the cases have addressed wrong about the definition of reasonable doubt then I would probably agree with mr. Adams that in fact there was an obligation if not to respond to the jury's question at least to query the jury prior to taking the verdict no so you agree with the defense in other words if for example the note can fairly be read as as being confused as what's meant by beyond a reasonable doubt then you know then it's error not to not to respond to that before the taking of a verdict if there's confusion that leads the court to believe that the jury is on the wrong track now if it's just simply confusion that is only answered by reread the instruction no I wouldn't go that far but what if they what if they write it and what if they say we believe we had some of us in this room are talking about I mean let's see it's talking about possible doubt some some of the jurors have actually thought that since they could have a doubt therefore there is a doubt and since they have a doubt they they think that the defendant ought not to be convicted sends in that note okay now you get that no you said my goodness that's wrong that's absolutely wrong that's not it's not any possible doubt it's a reasonable doubt a doubt based upon reason and common sense I told the jury that I told him the prosecutor gets upset judge told the jury that now it's a wrong it's a it's a it's the wrong instruction it's the wrong I mean it's the right instruction the wrong interpretation but it ought to go back that it's reversible error not to not to explain that to the jury I just to follow up on this it is all very interesting but in this particular case we really don't have that factual pattern do we I mean here we have a situation where let's even stipulate that the jurors were confused the reality is that there was a discussion between judge Mossman counsel for the defense counsel for the government and the the ultimate conclusion before the judge Mossman was going to tell him he couldn't add anything it's just what they had was what they got now it turned out they came in or the verdict but let's move the time period beyond let's assume that they had not come in and judge Mossman either sent in a note or called them in and said I can't tell you anything further what you got is what you got what's changed here other than a more counsel for the defense has agreed that that's an appropriate resolution to me this is all fantasy to some degree because we're we are creating a situation that simply didn't exist here the judge said I'm not going to do anything more counsel for the defense said I agree with that so they would have had something later that they already had they made up their minds in the province of the jury they came in they had a verdict they were pulled no problem I assume the government probably agree with this but how is there anything in this case other than the way I've described it to just now I think you've covered the basis and I'm out of time unless are there any questions about the prosecutors rebuttal closing or the sentencing and unless there are questions on the note issue I would submit I think we're I think we're okay with understanding the other issues on the briefing thank you we used a great deal of your time as Clark you may have a minute for rebuttal I appreciate that because I was there I need to clarify and point out to the court there is no time on this jury note and so we don't know how long it was between when the judge its question and when so it could have been longer than 10 minutes the judge could have had another trial on his bench the the parties could have been at offices and had to be assembled so 10 minutes wouldn't be a because we don't we just don't know from this record how much does it matter we don't have that issue before we don't record but the timing but does it doesn't matter does it I mean an hour two hours three hours four hours the reality is you agreed with what judge Mossman was going to do the jury without any contact of anybody and with the original jury instructions before it made a decision the judge didn't do what we asked and I should add that polling didn't fix this we're not here to I think that's my point we're not here to upgrade judge Mossman things happen during trials and this was a reasonable doubt question and it needed to be answered and it wasn't and that goes to the Sixth Amendment not to to a braiding trial judges but to a mr. Adams core constitutional right to be tried beyond a reasonable but nobody here's a braiding judge Mossman he's he's a fine judge and we all agree with that that we're I think we've got your argument though thank you thank you counsel we appreciate the arguments of both counsel and the case is submitted
judges: Breyer, Graber, Smith M.